IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Gwen Jackson, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:14-CV-177 |
| | ) |
| vs. | ) |
| | ) |
| Carolyn W. Colvin, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of February 2, 2015 (Doc. No. 11) and Plaintiff Gwen Jackson's objections to the Report and Recommendation (Doc. No. 12). In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Judge Bowman, therefore, recommended that the ALJ's decision be affirmed. For the reasons that follow, Plaintiff's objections to Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED.**

I. Background

Plaintiff Gwen Jackson filed a claim for disability insurance benefits based on both mental and physical impairments.  Her claim was denied initially and upon review.  Plaintiff requested and received an evidentiary hearing before an ALJ which took place in March, 2013.  During the hearing, Plaintiff amended the onset date of disability to August 2, 2011.  In April 2013, the ALJ issued a written decision finding that Plaintiff is not disabled under the Social Security regulations because there are jobs that exist in significant numbers in the national economy that she can perform given her residual functional capacity.

Proceeding through the five-step disability analysis framework, the ALJ determined that Plaintiff has severe impairments of degenerative disc disease of the cervical and lumbar spines, status post laminectomy, mood disorder, obesity, and degenerative joint disease.  The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets a listed impairment.  The ALJ next determined that Plaintiff has the mental and physical residual functional capacity ("RFC") to perform a limited range of light work.  The limitations found by the ALJ are that Plaintiff can only occasionally climb ramps and stairs and that she never climb ladders, ropes, and scaffolds; she can only occasionally stoop, crouch, and crawl; she can frequently kneel; she can only occasionally perform overhead reaching bilaterally; she can only perform simple, routine, and repetitive tasks; she cannot perform jobs with production quotas but she can perform goal-oriented work; she can perform jobs requiring simple, work-related decisions; she can have frequent contact with supervisors and co-workers but she is limited to only occasional contact with the public; and she can only tolerate occasional changes in a routine work-setting.  The ALJ then determined that this RFC would not permit Plaintiff to perform her past relevant work as a customer service clerk, home health aide, corrections officer, certified nurse assistant,

and baby sitter. Based on the testimony of the vocational expert, however, the ALJ found that this RFC permits Plaintiff to perform several jobs that exist in significant numbers in the national economy, such as silver wrapper, office helper, and routing clerk. Accordingly, the ALJ determined that Plaintiff is not disabled under the Social Security regulations.

In determining that Plaintiff has the physical RFC to perform a limited range of work at the light level of exertion, the ALJ gave the most weight to the December 2011 opinion of state agency reviewing consultant, Dr. Klyop. Dr. Klyop's opinion is consistent with the physical RFC eventually adopted by the ALJ. Tr. 113-116.

The ALJ gave "little weight" to the opinion of Dr. Bruce Siegel. In July 2012, Dr. Siegel performed a consultative physical examination of Plaintiff at her attorney's request. Dr. Siegel issued a report and an opinion indicating that Plaintiff meets Listing 1.02 for joint dysfunction and Listing 1.04 for disorders of the spine. Dr. Siegel also issued a very restrictive opinion as to Plaintiff's functional capacity, indicating that she can perform only very limited sitting, standing, walking, and lifting and carrying of less than 10 pounds. Tr. 1063-1071. The ALJ discounted Dr. Siegel's opinion on the grounds that he was hired by Plaintiff's attorney to address her disability claim and provide a one-time assessment, that his opinion that Plaintiff's conditions meet two listed impairments was questionable, and that Plaintiff's fairly conservative treatment history is inconsistent with his findings. Tr. 25.

The ALJ also gave "little weight" to the opinion of Paul Boys, a physical therapist. Similar to Dr. Siegel, Mr. Boys issued an opinion indicating that Plaintiff is severely restricted in her ability to sit, stand, walk, and lift. He also indicated that Plaintiff would be likely to miss three or more days of work per month due to her impairments. The ALJ rejected Mr. Boys' opinion on the grounds that it is inconsistent with Plaintiff's history and

3

treatment and because he is not an acceptable medical source under the Social Security regulations. Tr. 24.

In developing Plaintiff's mental RFC, the ALJ gave "significant weight" to the opinion of state agency examining psychologist Dr. Nancy Schmidtgoessling. Tr. 25. In June 2011, Dr. Schmidtgoessling completed a psychological assessment of Plaintiff which included an interview but no testing. In her report, Dr. Schmidtgoessling indicated that Plaintiff does not have difficulty understanding or following instructions, that she has adequate ability to maintain attention, concentration, persistence and pace to perform simple and multi-step tasks, that she can adequately interact with supervisors and co-workers in a work setting, and that she has adequate ability to respond appropriately to work pressures in the work setting. Tr. 892-897. Dr. Schmidtgoessling also assigned Plaintiff a Global Assessment of Functioning Score ("GAF") of 55, which indicates only moderate impairments in social and occupational functioning. Tr. 897.

The ALJ also gave "significant weight" to the opinion of state agency reviewing psychologist Dr. Leslie Rudy on the grounds of its consistency with Dr. Schmidtgoessling's opinion and Plaintiff's mental health treatment history. Tr. 25. In December 2011, Dr. Rudy indicated that Plaintiff's mental status imposes no limitations in activities of daily living, that she has moderate difficulties in maintaining social functioning, that she has moderate difficulties in maintaining concentration, persistence and pace, and that she has no episodes of decompensation of extended duration. Tr. 112.

The ALJ gave "little weight" to the opinion of Brenda McKinstry, a nurse practitioner who treated Plaintiff through Central Community Health Board ("CCHB"). Tr. 25. In January 2013, Ms. McKinstry issued an opinion that Plaintiff is unable to meet competitive

4

standards or has serious limitations in several areas of mental functioning and that she has marked impairments in social functioning and persistence and pace. Tr. 1219-1224. Ms. McKinstry also stated that Plaintiff was unemployable at the time she issued her opinion due to mental and physical impairments. Tr. 1224. The ALJ rejected Ms. McKinstry's opinion because she is not an acceptable medical source and because her opinion is inconsistent with CCHB treatment notes. Tr. 25.

The ALJ also discounted the severity of Plaintiff's subjective complaints concerning the limitations imposed by her pain. The ALJ noted that Plaintiff had back surgery in 2010, but that she was able to return to work after that with no indication of a worsening condition. The ALJ also observed that Plaintiff's treatment of her pain during the relevant period has been conservative, consisting of pain management and physical therapy. The ALJ noted also that Plaintiff was not currently taking any narcotic analgesics to relieve her pain. The ALJ cited Plaintiff's record of non-compliance with treatment, which included failing to take medicine as prescribed and failure to follow through with epidural injections. The ALJ noted that during 2012, Plaintiff was able to travel to Texas to take care of her ailing grandmother and that she was able to help her daughter care for her newborn grandson. Finally, the ALJ discounted Plaintiff's credibility because her counsel asked leading questions during the hearing and he questioned whether Plaintiff would have reported being as severely limited as she did without prompting from counsel. Tr. 23-24.

The Appeals Council declined Plaintiff's request to review the ALJ's decision and she filed a timely complaint for review of that decision. Plaintiff asserted four assignments of error in her complaint.

In her first and second assignment of errors, Plaintiff argued that the ALJ erred in the weight he assigned to the various medical and psychological opinions. Specifically, Plaintiff argued that the ALJ should have given more weight to the opinions of Dr. Siegel, Mr. Boys, and Ms. McKinstry than to the opinions of the state agency consultants. In her third assignment of error, Plaintiff alleged that the ALJ's decision to discount her subjective complaints of pain was not supported by substantial evidence. In her fourth assignment of error, Plaintiff alleged that the ALJ made vocational errors by not incorporating all of her limitations into the hypothetical question he posed to the vocational expert.

Magistrate Judge Bowman issued a Report and Recommendation rejecting each of Plaintiff's assignments of error. Judge Bowman determined that the weight the ALJ assigned to the various medical and psychological opinions was supported by substantial evidence. Judge Bowman also concluded that the ALJ's adverse credibility determination was supported by substantial evidence. Finally, Judge Bowman concluded that the ALJ did not make any vocational errors because the limitations he included in his hypothetical were supported by substantial evidence and he was not required to include additional limitations he did not find to be credible. Judge Bowman, therefore, recommended affirming the ALJ's decision and closing this case on the docket of the Court.

Plaintiff filed timely objections to Magistrate Judge Bowman's Report and Recommendation which are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only

whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

Plaintiff first objects to Judge Bowman's and the ALJ's evaluation of the opinions concerning her mental impairments. As indicated above, the ALJ relied on the opinions of state agency psychologists to determine that Plaintiff can perform routine and repetitive jobs involving simple instructions, with no production quotas, and some limitations on interactions with co-workers and the public and changes in the work setting. Plaintiff complains that the ALJ should have given more weight to Ms. McKinstry's opinion. Plaintiff also contends that limiting her to routine jobs involving simple instructions does not adequately account for her moderate limitations in persistence and pace. The Court agrees

7

with Magistrate Judge Bowman that the weight the ALJ assigned to psychological opinion evidence was supported by substantial evidence.

First, Ms. McKinstry is a nurse practitioner. Nurse practitioners are not acceptable medical sources under the Social Security regulations and, consequently, the opinion of a nurse practitioner is not entitled to any weight. Engebrecht v. Commissioner of Social Sec., 572 Fed. Appx. 392, 397-98 (6th Cir. 2014). Moreover, Ms. McKinstry's very restrictive opinion of Plaintiff's mental RFC is not consistent with Dr. Schmidtgoessling's opinion which, as stated, indicated that Plaintiff has adequate ability to follow instructions, maintain concentration, persistence and pace, to interact with co-workers, and to respond appropriately to changes in a work setting. Ms. McKinstry's opinion is also inconsistent with the opinion of state agency examining psychologist Dr. Chiappone. In 2009, Dr. Chiappone examined Plaintiff and concluded that she only has mild impairments in remembering and following simple instructions, and maintaining attention, concentration, persistence, and that she has no impairments in relating to co-workers, supervisors, and the public. Tr. 565-571. Ms. McKinstry's opinion is also internally inconsistent inasmuch as she assigned Plaintiff a GAF score of 55, indicating the patient is moderately impaired, while at the same time indicating that Plaintiff has numerous marked limitations which render her unemployable. Tr. 1219. Finally, as the ALJ correctly observed, Ms. McKinstry's opinion is inconsistent with the CCHB treatment notes, which, taken as a whole, do not reflect that Plaintiff has the severe limitations in mental functioning that Ms. McKinstry indicated her RFC opinion. See Tr. 1158-1218. The weight the ALJ assigned to the various opinions as to Plaintiff's mental RFC, therefore, was supported by substantial evidence.

Second, the ALJ's decision to limit Plaintiff to performing routine and repetitive jobs involving simple instructions, with no production quotas, and some limitations on interactions with co-workers and the public and changes in the work setting was supported by substantial evidence. These restrictions fairly accommodate Plaintiff's moderate to mild limitations in attention, concentration, persistence, and pace as indicated in the opinions of the state agency consulting psychologists. Smith-Johnson v. Commissioner of Social Sec., 579 Fed. Appx. 426, 436-37 (6th Cir. 2014).

Accordingly, Plaintiff's first objection is not well-taken and is **OVERRULED.**

Plaintiff next contends that the ALJ erred in the weight he assigned to Dr. Siegel's opinion and objects to Judge Bowman's conclusion that the ALJ had a substantial basis for affording it little weight. As stated above, Dr. Siegel performed a one-time physical examination of Plaintiff for the purpose of providing an RFC opinion. The ALJ, however, credited the opinion of Dr. Klyop, the state agency reviewing physician, over Dr. Siegel's opinion. The opinion of non-treating but examining medical source is generally entitled to more weight than the opinion of a non-examining source. Norris v. Commissioner of Social Sec., 461 Fed. Appx. 433, 439 (6th Cir. 2012). The ALJ may nevertheless give more weight to the opinion of the non-examining source if the opinion of the examining source is inconsistent with the record. Id. In this case, ALJ cited three reasons for giving Dr. Siegel's opinion little weight: 1) he was hired to perform a one-time evaluation of Plaintiff for purposes of supporting her disability claim; 2) he apparently misunderstood or misapplied the requirements for listed impairments; and 3) his opinion is inconsistent with Plaintiff's conservative medical treatment. Tr. 25. At a minimum, the ALJ's final

9

justification for giving limited weight to Dr. Siegel's opinion finds substantial support in the record.

As the ALJ noted elsewhere in his opinion, Plaintiff had back surgery in 2010 but was able to return to work after that. After that time, Plaintiff's symptoms were treated through prescribing pain medication and physical therapy. An MRI of Plaintiff's lumbar spine taken in August 2011 showed only mild to moderate degenerative disc changes. Tr. 1004-1005. Plaintiff reported to the emergency room several times during 2012, often complaining of severe pain, but the treatment notes reflect occasions when she had normal range of motion, could walk with a normal gait, and did not appear to be in acute distress. Tr. 1074-1075, 1089-1090, 1135-1136; see also Tr. 986 (December 2011 opinion from advance practice registered nurse indicating that Plaintiff's gait was within normal limits). Similarly, office treatment notes from University Hospital during this time period reflect normal neck and musculoskeletal range of motion. Tr. 1146-1147, 1150. Toward the end of 2011, Plaintiff reported to her pain management doctor that her medications were controlling her pain or working well for her. Tr. 990, 996, 1000. During the latter part of 2012, Plaintiff reported that physical therapy helped with her pain. Tr. 1150-1151, 1154. Additionally, during 2012, Plaintiff was able to travel to Texas to care for her ailing grandmother for two months. Tr. 1198. All of this evidence supports the ALJ's determination that the extreme limitations offered by Dr. Siegel in his report and opinion are inconsistent with the conservative treatment of Plaintiff's complaints of chronic pain. The ALJ, therefore, had a substantial basis for giving little weight to Dr. Siegel's opinion. Accordingly, Plaintiff's second objection is not well-taken and is **OVERRULED.**

Plaintiff's third and final objection argues that the ALJ's adverse credibility determination was not supported by substantial evidence. An ALJ's credibility determinations are entitled to considerable deference. Howard v. Commissioner of Social Sec., 276 F.3d 235, 242 (6th Cir. 2002). The ALJ had a substantial basis for discounting Plaintiff's credibility.

While Plaintiff testified that she does very little in the way of daily activities, essentially lying down and watching movies, the ALJ noted that after the onset date of disability she was able to travel to Texas to care for her ailing grandmother for two months. Other records indicate that Plaintiff participated in caring for her infant grandson. These activities are inconsistent with the essentially less-than-sedentary lifestyle she described in her hearing testimony. While Plaintiff complains that she could have performed these activities at the sedentary level exertion,[1] there is no evidence that she actually did so. It was Plaintiff's burden, not the ALJ's burden, to establish her RFC. Her v. Commissioner of Social Sec., 203 F.3d 388, 391 (6th Cir. 1999). Moreover, the ALJ reasonably inferred that caring for an elderly person and an infant require more than sedentary-level exertion. During the evidentiary hearing, the vocational expert testified that Plaintiff's prior work as a baby sitter was performed at the medium level of exertion. Likewise, the vocational expert testified that Plaintiff's prior work as a home health aide, which would be analogous to the activity of caring for her grandmother, was performed at the medium level of exertion. Tr. 65.

---

[1] According to Plaintiff's argument, if she is limited to sedentary work, the medical-vocational tables compel a finding of disability because she is "closely approaching advanced age."

11

After the onset date of disability, the conservative plan of treating Plaintiff's chronic pain with pain medication supports the ALJ's adverse credibility determination. McKenzie v. Commissioner, Social Sec., No. 99-3400, 2000 WL 687680, at *4 (6th Cir. May 19, 2000). Moreover, by the time of the evidentiary hearing, Plaintiff was only taking Gabapentin and Ultram for pain. Tr. 1229. Ultram is indicated for moderate to moderately severe pain. PHYSICIANS' DESK REFERENCE 2494 (58th ed. 2004). Prescribing Gabapentin for back pain is an off-label use for this drug[2] but nevertheless is considered to be a conservative treatment measure. See Shimer v. Colvin, Case No. 2:13–CV–02200 AC, 2014 WL 7336674, at *14 (E.D.Cal., Dec. 24, 2014); Buchanan v. Colvin, Case No. 14–C–219, 2014 WL 6453931, at *9 (E.D.Wis. Nov. 17, 2014). These facts also support the ALJ's credibility determination. Compare to Curler v. Commissioner of Social Sec., 561 Fed. Appx. 464, 475 (6th Cir. 2014) (the fact that claimant was taking vicodin, tramadol, and hydrocodone, all indicated for mild to moderately severe pain, supported ALJ's adverse credibility decision); see also Helm v. Commissioner of Social Sec. Admin., 405 Fed. Appx. 997, 1001 (6th Cir. 2011) (treatment of pain with only pain medication inconsistent with a claim of total disability).

Accordingly, Plaintiff's third objection is not well-taken and is **OVERRULED.**

## Conclusion

For the reasons stated above, Plaintiff's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court

---

[2] See Smith v. Adam, No. C 10–4389 CW (PR), 2013 WL 1283478, at *12 (N.D.Cal. Mar. 26, 2013).

**ADOPTS** the Report and Recommendation.  The ALJ's decision finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED**.  **THIS CASE IS CLOSED.**

  **IT IS SO ORDERED**

Date March 23, 2015          s/Sandra S. Beckwith
                  Sandra S. Beckwith
               Senior United States District Judge